## United States District Court
## Northern District of Alabama
## Southern Division

FILED
00 MAR 14 PM 2:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| Linda F. Collins, | ] |
| Plaintiff(s), | ] |
| vs. | ] CV-98-N-2049-S |
| Norwood Clinic, Inc., | ] |
| Defendant(s). | ] |

ENTERED
MAR 14 2000

### Memorandum of Decision

The court has for consideration the motion of the defendant Norwood Clinic, Inc. for summary judgment filed on July 27, 1999 [Document # 27].[1] On February 18, 2000, Judge Davis entered his report and recommendation. The parties were allowed fifteen (15) days in which to file objections. Both have done so. The court is required to consider objected to portions of the report and recommendation *de novo*.

On February 28, 2000, the plaintiff filed objections to the recommendation of the magistrate judge. The plaintiff's objections do nothing more than to parrot the arguments she made before the magistrate judge in opposition to the defendant's motion for summary judgment.[2] Ordinarily, after reviewing the objected to portions of the report and

---

[1] At the time the motion was filed, the action was assigned to Magistrate Judge Harwell G. Davis but has been reassigned in accord with the provisions of the court's general order for the initial assignment of a portion of most civil cases to the magistrate judges of this court until such time as at least one of the parties declines to consent to the exercise of dispositional jurisdiction under 28 U.S.C. § 636(c) by the magistrate judge.

[2] Rather than directing the court's attention to any point on which she believes the magistrate judge erred, the plaintiff has simply, and perhaps thoughtlessly, put the district judge to the task of repeating what has already been done. If the action itself is not frivolous, certainly her appeal here is. Nevertheless, *de novo* consideration of these matters is required, not merely by statute, but Article III's requirement that the judicial power of the United States be exercised through judges appointed under Article III of the United States Constitution. The court has performed its Constitutional duty and has arrived at the identical conclusions reached by Judge Davis. That the court has not chosen to attempt to rewrite what he has written should suggest to any interested reader the court's



recommendation *de novo*, the court would enter a short order noting its review and accepting the recommendation. Here, however, the court is compelled to comment on one aspect of the plaintiff's presentation.

In his report and recommendation, Judge Davis noted one or more misstatements or misrepresentations by plaintiff's counsel about the content of evidentiary materials. In a footnote, he pointed out particular "mistakes" with regard to Plaintiff's Exh. 7 and suggested that counsel "take care" to avoid such "problems." See Document No. 37, footnote 5. Despite Judge Davis's rather mild chiding of plaintiff's counsel, the same misrepresentation is repeated in the objections filed and considered by the undersigned. Before Judge Davis, the plaintiff has argued that Michele Dekle, a comparator cited by plaintiff, was rated "poor" by the defendant in responding to a request for information about her employment yet was later rehired. However, as Judge Davis carefully explained, it was apparent from a brief review of the document in question that a line had been drawn through the ratings and the notation "N/A" (not applicable) placed thereon. No reasonable reviewer could have inferred from the document that Ms. Dekle had been rated "poor" in areas suggested. Yet, in her objections, the plaintiff states, "After all, defendant rated Dekle "poor" in all areas of performance and yet rehired her in May of 1997." This, without so much as a nod of the head toward Judge Davis's admonition that they should "take care" to avoid such misrepresentations.

---

opinion of the quality of the work done by Judge Davis here.

A lawyer's duty of candor toward the court is virtually without exception. The court is hard pressed to conceive of a circumstance that would justify a lawyer in knowingly misleading the court. As the Eleventh Circuit has written:

> All attorneys, as "officers of the court," owe duties of complete candor and primary loyalty to the court before which they practice. An attorney's duty to a client can never outweigh his or her responsibility to see that our system of justice functions smoothly. This concept is as old as common law jurisprudence itself. In England, the first licensed practitioners were called "Servants at law of our lord, the King" and were absolutely forbidden to "decei[ve] or beguile the Court." In the United States, the first Code of Ethics, in 1887, included one canon providing that "the attorney's office does not destroy... accountability to the Creator," and another entitled "Client is not the Keeper of the Attorney's Conscience."

*Malautea v. Suzuki Motor Company, Ltd.*, 987 F.2d 1536, 1546 (11th Cir.), *cert. denied*, 510 U.S. 863, 114 S. Ct. 181, 126 L. Ed. 2d 140 (1993).

If plaintiff's counsel have some reasonable argument that both Judge Davis and this court have misinterpreted the true import of Plaintiff's Exh. 7, they should have said so. But they did not. They simply repeated, without explanation, the misrepresentation that Judge Davis had pointed out to them. This conduct is unacceptable.

The defendant has also objected to the report and recommendation but has limited its objection to a single point. It argues that under the teachings of *Sutton v. United Air Lines, Inc.*, 119 S. Ct. 2139 (1999); *Murphy v. United Parcel Service, Inc.*, U. S. No. 97-1992 (1999); and *Albertsonsons Inc. v. Kirkingbury*, 119 S. Ct. 2162 (1999) the plaintiff could not prove that she is a qualified individual with a disability because her hearing loss is compensated by her use of a hearing aid. The defendant is, of course, correct, but it is important to note here that the issue is not whether the plaintiff had such a disability but

3

whether the defendant "perceived" her as having the disability. This was the issue addressed by Judge Davis.

The court agrees that it was the correct issue to address and finds that it was correctly addressed.

The objections of the plaintiff and the defendant, having been considered *de novo*, are overruled. By separate order, the defendant's motion for summary judgment will be granted and the action will be dismissed. Costs will be taxed against the plaintiff and in favor of the defendant.

Done, this 14th of March, 2000.

EDWIN NELSON
UNITED STATES DISTRICT JUDGE

4